663 N.W.2d 476 (2003)
In re Dwayne Curtis SCHANG.
Dwayne Curtis Schang, Petitioner-Appellant,
v.
Livingston Circuit Judge, Defendant, and
Edward Dennis NaIl and Devota Sheryl NaIl, Intervening Parties-Appellees.
Docket No. 245409.
Supreme Court of Michigan.
June 27, 2003.
On order of the Court, the application for leave to appeal the January 29, 2003 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court prior to the proceedings ordered by the Court of Appeals and any further subsequent review by the Court of Appeals. We further ORDER the Court of Appeals to expedite consideration of its pending appeal in this matter in COA Docket No. 245509. Finally, we caution the trial court against continuing the practice of finalizing an adoption while a party's appeal is pending in either the Court of Appeals or in this Court. In re JK, 468 Mich. 202, 217, 661 N.W.2d 216 (2003).
WEAVER, J., concurs in part, and dissents in part, and states as follows:
I concur in the order denying leave to appeal and ordering the Court of Appeals to expedite consideration of the substantive appeal now pending before it. I write separately to dissent from the part of the majority order in which it "caution[s] the trial court against continuing the practice of finalizing an adoption while a party's appeal is pending in either the Court of Appeals or in this Court. In re JK, 468 Mich. 202[, 661 N.W.2d 216] (2003)."
In this case, as in In re JK, the majority is disregarding the plain language of the statutes and creating its own policies in place of those decided on by the Legislature.

A
The minor child, MBS, was adopted while a related appeal was pending in the Michigan Court of Appeals.[1] Allowing the *478 adoption to proceed was proper under the language of the Adoption Code; the Adoption Code specifically provides that orders under the Adoption Code shall not be stayed pending appeal unless the Court of Appeals enters a stay:
An order of the court entered under this chapter shall not be stayed pending appeal unless ordered by the court of appeals upon motion for good cause shown and on such terms as are deemed just. [M.C.L. § 710.65(2).]
No such stay was ordered in this case. Further, the statute regulating when an adoption may take place, M.C.L. § 710.56, provides detailed time limits on when an adoption may take place. The Legislature has provided only one instance in which the court shall not order an adoption because of a pending appeal: when there is an order terminating parental rights, and a motion for rehearing or an appeal to the Court of Appeals is pending. Nothing in that statute precludes entering an order of adoption while an appeal of a decision under M.C.L. § 710.45 is pending. Finally, the Michigan Court Rules provide: "An appeal does not stay the effect or enforceability of a judgment or order of a trial court unless the trial court or the Court of Appeals otherwise orders." MCR 7.209(A)(1). The plaintiff did not file a motion for a stay pending appeal under MCR 7.209. Therefore, the trial court acted entirely within the provisions of the statute and the court rules in allowing the adoption to go forward.
Thus, under the statutes and the court rules the circuit court's decision to proceed with the adoption was appropriate; this Court's "caution" to the contrary is not based on legislation or its own rules of procedure.

B
The majority relies on its recent case, In re JK, to support its "caution" to trial judges not to follow the statutes and court rules in determining whether to allow an adoption to proceed. I disagree with that holding of In re JK, supra.[2]
There, the circuit judge entered an order of adoption while an appeal to the Michigan Supreme Court was pending on an order terminating the biological mother's parental rights. In allowing the adoption to go forward, the circuit court complied with the plain language of the applicable statute, M.C.L. § 710.56(2)(c); the adoption took place after the Court of Appeals affirmed the order terminating the biological mother's parental rights. On its face, the Adoption Code, M.C.L. § 710.56(2), clearly allows for an adoption to go forward when the Court of Appeals has entered an opinion affirming a termination of parental rights.
If a petition for rehearing or an appeal as of right from an order terminating parental rights has been filed, the court shall not order an adoption until 1 of the following occurs:

* * *
(c) The court, of appeals affirms the order terminating parental rights. [Id. (emphasis added).]
Disregarding the statute, in In re JK the participating justices held that an adoption that takes place while an application *478 for leave to appeal is pending in the Michigan Supreme Court is invalid. That holding directly contradicts the language of the statute, M.C.L. § 710.56(2).
In re JK said that the statute, M.C.L. § 710.56(2), must be read in conjunction with the court rule, MCR 7.215(F), and that, on the basis of the court rule, an order for adoption cannot enter until the resolution of any appeal to the Michigan Supreme Court. The court rule provides that a Court of Appeals opinion is not effective, and therefore cannot be enforced, while an appeal is pending in this Court.[3]
Under the statute, an adoption is allowed to take place after the Court of Appeals issues an opinion affirming the circuit court order terminating parental rights. In re JK held that under the court rule, an adoption is not allowed to take place after the Court of Appeals issues its opinion. The conflict is clear.
Because the participating justices held that the court rule applied to the statute, the existing jurisprudence governing conflicts between a court rule and a statute, McDougall v. Schanz, 461 Mich. 15, 597 N.W.2d 148 (1999), should have provided the controlling law.[4] In holding that the statute must be read with the court rule,[5] the participating justices apparently concluded that the statute relates solely to a matter of practice and procedure, not substantive law and, therefore, the court rule supersedes the statute. McDougall, supra. I disagree because the statute does not deal solely with practice and procedure. As discussed below, the statute deals with substantive law because it involves a matter of policy properly within the province of the Legislature. Thus, McDougall would compel a holding that the Legislature's statute prevails over the court rule. The participating justices in In re JK offered no case law or other authority for their decision that the court rule prevails over the statute. They inexplicably failed to address this issue.

C
Under the Legislature's statutory scheme, an adoption is allowed to proceed while a related order is being appealed.
In the statute at issue in In re JK, M.C.L. § 710.56(2), the Legislature did not provide that an adoption could not proceed until the order of termination of parental rights was final because all appeals had run. Rather, it chose to permit the trial court to enter the adoption following an *479 affirmance by the Court of Appeals. In the statute at issue in this case, M.C.L. § 710.65, the Legislature provided that orders under the Adoption Code shall not be stayed pending appeal unless the Court of Appeals enters a stay for good cause.
M.C.L. § 710.21a(c) of the Adoption Code says that one of the general purposes of the code is "[t]o provide prompt legal proceedings to assure that the adoptee is free for adoptive placement at the earliest possible time." It appears that in M.C.L. § 710.56(2) the Legislature balanced the merits and hazards of allowing an adoption to take place before this Court had an opportunity to rule on the matter and decided that the better course was to allow an adoption to take place sooner, albeit with the risk that the adoption might be overturned if this Court granted leave to appeal and then reversed the order of termination of parental rights.
This is a substantive policy decision that the Legislature has the right to make under McDougall. The statistics from this Court show that the Legislature's decision may not be unfounded. In the last ten years, this Court has had 229 applications for leave to appeal in termination-of-parental-rights cases.[6] During that same time, this Court issued orders addressing the merits of the cases or opinions in only seven cases.[7]
By using a court rule to modify a statute on a matter of substantive law, in In re JK the participating justices made an unheralded and unacknowledged retreat from this Court's holding in McDougall, which the majority continues today. The majority cannot have it both ways. It should either refrain from criticizing the trial courts for adhering to the statute in a matter of substantive law or recognize that it has effectively rewritten the statute and concede that it has retreated from McDougall.

D
I agree that allowing an adoption to take place while an appeal is pending is an unwise policy. Because the adoption may be overturned by an appellate court, as In re JK so tragically illustrated, there is a danger of disrupting the child's life  his sense of stability and security  and the lives of the biological parents and the adoptive parents. It would be far better if adoptions were not allowed to take place until all related appeals had been finalized.
Nevertheless, such a remedy should be sought from and addressed by the Legislature, not this Court. Accordingly, I urge the Legislature to consider amending the Adoption Code to provide that an adoption cannot go forward while a related appeal is pending.
To facilitate such an amendment to the Adoption Code, this Court should discipline itself, and should commit itself by court rule, to make final decisions in termination-of-parental-rights cases within three months. In re JK was in the Supreme Court for over a year (13 months); three (3) months would be less than a quarter of that time.
*480 I propose such a court rule below, which I urge the Court to publish and offer for public comment. The proposed court rule would provide strict time limits on all parts of the appellate process for termination-of-parental-rights cases. If this court rule were adopted, an appeal would not be in the Court of Appeals for longer than thirty-five (35) weeks [eight (8) months] and would not be in the Supreme Court for longer than thirteen (13) weeks [three (3) months]. Under the proposed rule a parental-right-termination case would not be in the appellate system for more than eleven (11) months after the claim of appeal is filed. This would allow the Legislature to provide that adoptions will not take place while related appeals are pending, and still achieve its stated goal of expediting adoptions.
PROPOSED MICHIGAN COURT RULE 5.993A
APPEALS IN PROCEEDINGS RELATED TO TERMINATION OF PARENTAL RIGHTS
(A) Applicability. This rule applies to the appeal of an order terminating parental rights under M.C.L. § 712A.19b and supersedes all inconsistent provisions of other rules governing appeals.
(B) Appeals to the Court of Appeals
(1) An order terminating parental rights is appealable to the Court of Appeals by right.
(2) An appeal must be taken within
(a) 21 days after entry of the order appealed from; or
(b) 21 days after the entry of an order denying a motion for rehearing if the motion was filed within the initial 21-day appeal period.
(c) The Court of Appeals may not grant a delayed application for leave to appeal an order of the family division of the circuit court terminating parental rights if filed more than 63 days after entry of an order of judgment on the merits, or if filed more than 63 days after entry of an order denying rehearing.
If a party is entitled to the appointment of an attorney and requests the appointment within 21-days after the date of an appellate order under the rule, the 21-day period for the taking of an appeal begins to run from the date of entry of an order appointing, or denying the appointment of, an attorney. The appointment order must direct the court reporter to prepare and file the transcript within the time limit specified in subsection 3 of this rule.
(3) The court reporter or recorder shall file the transcript with the trial court within 28 days after it is ordered in a termination-of-parental-rights case. The Court of Appeals may grant up to two 14-day extensions of the time limit.
(4) Time for Filing and Serving Briefs
(a) The appellant shall file its brief as required under MCR 7.212 within 21 days after the claim of appeal is filed or the transcript is filed with the trial court, whichever is later. This time may not be extended.
(b) The appellee(s) shall file their briefs as required under MCR 7.212 within 14 days after the appellant's brief is served on the appellee(s). This time may not be extended.
(5) Time for a Decision
(a) If oral argument is heard, the judgment of the Court of Appeals must be entered within 112 days from the filing of appellee's brief.
(b) If the case is submitted without oral argument, the judgment of the Court of Appeals must be entered *481 within 77 days after the filing of appellee's brief.
(6) Motion for Rehearing in the Court of Appeals
(a) A motion for rehearing may be filed within 14 days after the date of the order or the date stamped on an opinion.
(b) A party may answer a motion for rehearing within 7 days after the motion is served on the party.
(c) The Court of Appeals must issue a decision on the motion for rehearing within 21 days after the answer is filed, or the time to submit an answer has passed, whichever is sooner.
(C) Appeals to the Supreme Court
(1) An order terminating parental rights is appealable to the Supreme Court by leave.
(2) When to File
(a) The application for leave to appeal must be filed within 7 days after
(i) the Court of Appeals clerk mails notice of an order entered by the Court of Appeals;
(ii) after the filing of the opinion filed from; or
(iii) after the Court of Appeals clerk mails notice of an order denying a timely filed motion for reconsideration.
(b) The Supreme Court may not grant a delayed application for leave to appeal.
(3) The Supreme Court must issue a decision whether to grant or deny the application, enter a final decision, or issue a peremptory order within 21 days after the application for leave to appeal is filed.
(4) Calendar Cases
(a) Time for Filing and Serving Briefs
(i) The appellant shall file the brief and appendix required under MCR 7.309 within 21 days after leave to appeal is granted. This time may not be extended.
(ii) The appellee(s) shall file the required brief(s) and appendix within 14 days after the appellant's brief is served on the appellee(s). This time may not be extended.
(b) Scheduling Oral Argument. Preference must be given to these cases to facilitate their scheduling. Argument may be held at times other than at the Court's scheduled oral arguments.
(c) Time for a Decision. The judgment of the Supreme Court must be entered within 28 days from the filing of appellee's brief.
(5) Motion for Rehearing
No motion for rehearing may be filed.
NOTES
[1] The Michigan Children's Institute issued a decision giving Schang permission to adopt MSB, a minor child. The intervening defendants, the Nalls, sought judicial review of the Michigan Children's Institute's decision under M.C.L. § 710.45. On August 21, 2000, the circuit court entered orders placing MSB in the Nalls' home for the purpose of adoption, and declaring Schang's petition to adopt MSB moot. On September 11, 2000, Schang filed a claim of appeal in the Court of Appeals. While the appeal was pending, on October 19, 2000, the circuit court entered an order of adoption of MSB by the Nalls.
[2] I did not participate in In re JK; see my statement of nonparticipation at 468 Mich. 202, 220, 661 N.W.2d 216, 226-29 (2003).
[3] MCR 7.215(F) provides in pertinent part:

Execution and Enforcement.
(1) Routine Issuance. Unless otherwise ordered by the Court of Appeals or the Supreme Court or as otherwise provided by these rules,
(a) the Court of Appeals judgment is effective after the expiration of the time for filing a timely application for leave to appeal to the Supreme Court, or, if such an application is filed, after the disposition of the case by the Supreme Court;
(b) execution on the Court of Appeals judgment is to be obtained or enforcement proceedings had in the trial court or tribunal after the record has been returned (by the clerk under MCR 7.210[I] or by the Supreme Court clerk under MCR 7.311[B]) with a certified copy of the court's judgment or, if a record was not transmitted to the Court of Appeals, after the time specified for return of the record had it been transmitted.
[4] Although the authority to determine rules of practice and procedure rests exclusively with the Supreme Court, the Court is not authorized to enact court rules that establish, abrogate, or modify the substantive law. The Court's constitutional rule-making authority extends only to matters of practice and procedure. McDougall, supra at 26-27, 597 N.W.2d 148.
[5] "Read with the court rule" seems to be a synonym for "rewritten by the court rule".
[6] The applications for leave to appeal involving termination of parental rights cases break down as follows:

1992-13 1993-14 1994-13 1995-14 1996-17 1997-19 1998-31 1999-30 2000-31 2001-15 2002-32
[7] Those seven cases are In re Trejo, 462 Mich. 341, 612 N.W.2d 407 (2000); In re Sours, 459 Mich. 624, 593 N.W.2d 520 (1999); In re Osborne, 459 Mich. 360, 589 N.W.2d 763 (1999); In re Lemmer, 449 Mich. 894, 536 N.W.2d 774 (1995); In re Hatcher, 443 Mich. 426, 505 N.W.2d 834 (1993); In re Clausen, 442 Mich. 648, 502 N.W.2d 649 (1993), and In re Brock, 442 Mich. 101, 499 N.W.2d 752 (1993).